UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANNY HO,

    Plaintiff,

v.                                                                       Case No: 8:18-cv-2802-T-36SPF

JOSEPH LOPANO,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court upon Defendant's Motion to Dismiss and/or Motion for Judgment on the Pleadings (Doc. 12), Plaintiff's response in opposition (Doc. 16), Defendant's Request for Ruling on Rule 12 Motion (Doc. 21), and Plaintiff's response in opposition (Doc. 22).

The *pro se*[1] Amended Complaint (Doc. 11) is a shotgun pleading which does not provide sufficient notice of the claims, does not conform to the Federal Rules of Civil Procedure, and states no proper claim for relief. Therefore, the Court will dismiss the Amended Complaint without leave to file a second amended complaint.

### I.    BACKGROUND[2]

---

[1] The Tampa Chapter of the Federal Bar Association operates a Legal Information Program on Tuesdays from 1:00 p.m. to 2:30 p.m. on the 2nd floor of the Sam Gibbons United States Courthouse and Federal Building, 801 North Florida Avenue, Tampa, Florida 33602. Through that program, *pro se* litigants may consult with a lawyer on a limited basis for free. Reservations for specific appointments may be made by calling (813) 301-5400; walk-ins are welcome if space is available. More information about the program is available on the Court's website at http://www.flmd.uscourts.gov/litigants-without-lawyers under the link "Go to the Guide for Proceeding Without A Lawyer."

[2] The following statement of facts is derived from the Amended Complaint (Doc. 11), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

On November 14, 2018, Plaintiff Danny Ho filed a Complaint against Joseph Lopano. Doc. 1 at 1. The Court dismissed the Complaint as a shotgun pleading and permitted Ho to file an amended complaint. Doc. 7. Ho filed an Amended Complaint which alleges the following.

Ho has been in the aviation industry for eighteen years; he has never had a problem obtaining a Security Identification Display Area ("SIDA") badge. *Id*. at 2. He was involved in a controversial court case in 2012 in which the jury found in his favor. *Id*. at 4. He has obtained SIDA badges from other airport authorities in 2012, 2015, and 2016. *Id*. He also worked on a military plane for the Department of Defense in 2016. *Id*.

Ho applied for a SIDA badge for the Tampa International Airport ("TPA"). *Id*. at 5. He had a Criminal History Records Check ("CHRC") which indicated that he had an "accusation set aside" for a charge involving "mayhem." *Id*. at 10, 25. He hand delivered a printout of the court record of the case to TPA. *Id*. at 5-6. He was informed that he must provide a certified copy mailed from the court by the postal service. *Id*. After several phone calls, visits to TPA's office, a meeting, and several requests for a resolution, TPA insisted that it would not process the SIDA badge application further without the certified court record. *See id*. at 6-9. Ho refused to provide the certified copy indicating that the printout should suffice. *See id*. at 10.

Prior to applying for the SIDA badge, Ho obtained a job from Pemco, an aircraft maintenance operator at TPA, as an Avionics Contractor. He obtained the job through the contracting agency Quanta. He moved from Pennsylvania to Florida to take the position. *Id*. at 5. As of the filing of his Amended Complaint, Ho has received neither an adequate response from TPA nor a SIDA badge. *Id*. at 10. He received a job suspension due to his inability to obtain a SIDA badge from TPA. *Id*. at 13.

Ho complains that TPA and the Hillsborough County Aviation Authority ("HCAA") do not follow proper procedures under 49 C.F.R. § 1542.209.[3] *Id*. at 2, 5-6. He demands relief in the form of a declaratory judgment, payment for his lost income, pain and suffering, legal costs, and opportunity costs. *Id*. at 17. He seeks "30% of [eleven members of HCAA's] salary during this problem[-]solving period for compensation of pain and suffering." *Id*. at 17. He also lists several parties who work with TPA and HCAA, but only names Lopano as a defendant. *Id*. at 17-18.[4]

Prior to suing here, Ho sued Michael Stephens, general counsel for HCAA, on July 11, 2018, in the case styled *Ho v. Glennon*, Case No. 8:18-cv-1669-T-02AEP (M.D. Fla. 2018) (the "Glennon Case"). *See* Doc. 12-1. The allegations against Stephens were substantially similar to the ones here. On July 16, 2018, Magistrate Judge Anthony E. Porcelli dismissed the Glennon Case without prejudice for failure to state a cause of action and permitted amendment. Doc. 12-2. Ho amended the complaint, dropped Stephens, and added Daniel Glennon, HCAA's Airport Security Coordinator, as a defendant. *See* Doc. 12-3. Otherwise, the allegations were substantially similar to the prior complaint. *See id.*

On September 13, 2018, Glennon filed a Motion to Dismiss and argued that the amended complaint stated no claim for relief. He also argued that he was not a proper party to the action. *See* Doc. 12-4. District Judge William F. Jung construed the motion as one for judgment on the pleadings and entered judgment for Glennon (the "Jung Order"). *See* Doc. 12-5. Thereafter, the Clerk of Court entered a Final Judgment for Glennon on all claims. *See* Doc. 12-6. Ho then filed this action.

---

[3] This regulation pertains to fingerprint-based criminal history records checks ("CHRC").
[4] Ho lists Vivian Pullara, Daniel Glennon, Scott Knight, Michael Stephens, John Tillacos, Joseph Lopano, Chip Diehl, Victor Crist, Bob Buckhorn, Gary Harrod, and Robert Watkins.

3

## II. LEGAL STANDARD

Pleadings from *pro se* litigants are held to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. United States*¸ 148 F.3d 1262, 1263 (11th Cir. 1998). However, they still must meet minimal pleading standards. *Pugh v. Farmers Home Admin.,* 846 F. Supp. 60, 61 (M.D. Fla. 1994).

In a complaint, claims founded on a separate transaction or occurrence must be stated in a separate count or defense if doing so would promote clarity. Each claim must be "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Failure to comply with these rules may result in a shotgun pleading. And "[a] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.' " *Lampkin-Asam v. Volusia County School Bd.*, 261 Fed. Appx. 274, 277 (11th Cir. 2008) (citation omitted). This includes a complaint that is "disjointed, repetitive, disorganized and barely comprehensible." *Id.* at 276.

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id*. A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The court,

however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*.

And although the Court typically limits its review to the "four corners" of the complaint on a motion to dismiss, it may also examine exhibits attached to the complaint, extrinsic documents central to plaintiff's claim whose authenticity is unchallenged, and matters subject to judicial notice. *See Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1278 (11th Cir. 1999)*; Absolute Activist Value Master Fund Ltd. v. Devine,* 233 F. Supp. 3d 1297, 1316 (M.D. Fla. 2017). And the Court may review matters that are part of the public record without converting the motion to one for summary judgment, "because such documents are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Davis v. Williams Communications, Inc.,* 258 F.Supp. 2d 1348, 1352 (N.D. Ga. 2003) (citing *Bryant,* 187 F.3d at 1279-80).

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings. Fed. R. Civ. P. 12(c). In evaluating a motion for judgment on the pleadings, a court will accept the facts in the complaint as true and view them in the light most favorable to the nonmoving party. *See Cunningham v. Dist. Attorney's Office for Escambia County,* 592 F.3d 1237, 1255 (11th Cir. 2010). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Id.*

When resolving a motion for judgment on the pleadings, the Court must consider all of the pleadings: the complaint, the answer, and any documents attached as exhibits. *Eisenberg v. City of Miami Beach*, 54 F. Supp. 3d 1312, 1319 (S.D. Fla. 2014). If "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary

judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material...." Fed. R. Civ. P. 12(c).

### III. DISCUSSION

Lopano requests that this Court either dismiss the Amended Complaint for failure to state a claim or enter judgment on the pleadings. Lopano argues that Ho is a vexatious litigant who does not and cannot state a claim for relief. He urges the Court to enter judgment in his favor and dispense of this case summarily given Ho's admission that he will not provide a certified copy of the requested court records.

Ho argues that he should be considered innocent until proven guilty, TPA should not penalize the "suspect" going through the application process, and its request that he obtain a certified copy of the California case's disposition unjustly held up his income. *See* Doc. 16 at 2-3. Ultimately, Ho relies on the allegations in his Amended Complaint as a basis to challenge the motion. *Id*. He also implies that there is some connection between defense counsel and District Judge Jung. He notes that the case was originally before District Judge Mary S. Scriven, but then it was suddenly transferred. And he notes Robert E. Johnson, Lopano's counsel, and Judge Jung, have practiced in Tampa for over three decades as "peers." He also likens the facts underlying this case to "kidnapping." *Id*. at 12.

The Court has reviewed the Amended Complaint, its exhibits, and Judge Jung's Order and has determined that the case should be dismissed without leave to amend.[5]

---

[5] Since the Defendant has not filed an answer, and the Amended Complaint is a shotgun pleading, the Court will dismiss it rather than enter judgment in Lopano's favor.

### a. Shotgun Pleading

The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n. 4 (11th Cir. 2010). Shotgun pleadings require the court to sift through rambling and often incomprehensible allegations to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (citation omitted). The Eleventh Circuit has established that a shotgun pleading is an unacceptable form of establishing a claim for relief.

Here, the Amended Complaint does not contain proper counts or cognizable causes of action. As a consequence, the allegations are disorganized and confusing. Also, the Amended Complaint is impermissibly vague. The allegations of the Amended Complaint do not apprise the Defendant, or the Court, of the claims asserted against Lopano personally or why Lopano is specifically responsible for the alleged acts. It presents legal argument, raises improper questions, contains a request for production, makes many character attacks on TPA's employees, and otherwise does not meet the pleading requirements under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8, 10.

Because the Amended Complaint constitutes a shotgun pleading, it will be dismissed.

### b. Failure to State a Claim

The SIDA federal regulations assign the duty to process SIDA applications to the "airport operator." [6] The regulation, 49 C.F.R. § 1542.209, provides:

> (b) Individuals seeking unescorted access authority. Except as provided in paragraph (m) of this section, each airport operator must

---

[6] Airport operator means "a person that operates an airport serving an aircraft operator or a foreign air carrier required to have a security program under part 1544 or 1546 of this chapter." 49 C.F.R. § 1540.5

> ensure that no individual is granted unescorted access authority unless the individual has undergone a fingerprint-based CHRC that does not disclose that he or she has a disqualifying criminal offense, as described in paragraph (d) of this section.
>
> ...
>
> (d) Disqualifying criminal offenses. An individual has a disqualifying criminal offense if the individual has been convicted, or found not guilty by reason of insanity, of any of the disqualifying crimes listed in this paragraph (d) in any jurisdiction during the 10 years before the date of the individual's application for unescorted access authority, or while the individual has unescorted access authority.

*Id*. at § 1542.209(b), (d).

The regulation's qualifying offenses include: "[c]onveying false information and threats," "assault with intent to murder," rape, extortion, and felonies involving an unarmed robbery, threat, or aggravated assault. *Id*. at §1542.209(d)(1)-(28)

Once the airport operator receives a CHRC which indicates an arrest without a disposition, the following procedure applies:

> (g) Determination of arrest status.
>
> (1) When a CHRC on an individual seeking unescorted access authority discloses an arrest for any disqualifying criminal offense listed in paragraph (d) of this section without indicating a disposition, the airport operator must determine, after investigation, that the arrest did not result in a disqualifying offense before granting that authority. If there is no disposition, or if the disposition did not result in a conviction or in a finding of not guilty by reason of insanity of one of the offenses listed in paragraph (d) of this section, the individual is not disqualified under this section.

*Id*. at §1542.209(g)(1).

Once the airport operator receives a CHRC with a disqualifying offense, the applicant receives notification and an opportunity to correct the FBI records. *Id*. at §1542.209(h). The applicant can correct any inaccurate information by submitting a revised FBI record, or "a certified

true copy of the information from the appropriate court, prior to granting unescorted access authority." *Id*. at §1542.209(i)(1)(i). If within 30 days of being advised that the criminal record discloses a disqualifying criminal offense, the applicant does not notify the airport operator that the record is inaccurate, the airport operator may make a final determination to deny unescorted access authority. *Id*. at §1542.209(i)(1)(ii).

Here, Ho complains he has received no decision on his application. The CHRC states that Ho received a charge for "Force/ADW Not Firearm, GBI"[7] and "PC-Mayhem" in California. Doc. 11 at 25. Although the "mayhem" accusation was "set aside," there is neither underlying information about the acts which triggered the charges, nor is there an explanation of the legal significance of having the accusation "set aside." TPA requested a certified copy of Ho's court record. Ho unequivocally refuses to provide it. *See* Doc. 11 at 30 (Ex. 5).[8]

Although the Amended Complaint is barely comprehensible, accepting its facts as true, it fails to state a claim upon which relief may be granted. The airport operator must, under the very regulation Ho seeks to enforce, investigate the charge if it appears to be a disqualifying criminal act. But without that additional information, it cannot do so. And the regulations do not require the airport operator to decide within 30 days, it merely provides the SIDA badge applicant 30 days to take corrective action. 49 C.F.R. § 1542.209(i). Thus, Ho states no claim for relief in his Amended Complaint.

---

[7] The Jung Order interpreted the charge as "assault with a deadly weapon, not firearm, great bodily injury." Doc. 12-5 at 4.

[8] The Amended Complaint includes correspondence form Ho to HCAA which states:
> There should be no room for your SIDA badge office employee to manipulate my case different from IND and PHL airports. "Burden of Proof" is NOT on my side to prove myself no criminal record. The "Burden of Proof" is on your side to prove if I have criminal record to deny my SIDA badge. Apparently, your SIDA badge employees are working in a wrong direction.

### c. Leave to Amend

Ho was cautioned that the Court may dismiss his claims without further opportunity to amend if it appears the claims are frivolous and that further attempts to amend would be futile. *See* Doc. 7 at 4 (citing *Foman v. Davis*, 371 U.S. 178, 182, (1962)) (holding that courts should grant leave to amend freely unless such amendment would be futile). Here, amendment would be futile given Ho's several attempts at suing TPA and HCAA through its various employees, while admitting that he will not produce the certified copy of the court record requested to complete the processing of his application. *See* Doc. 1 at 1.

Given the history of Ho's filings, and his attempts to state a claim regarding his SIDA badge application, the Court will not grant Ho leave to file a second amended complaint. *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (per curiam) ("Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint.").

## IV. CONCLUSION

The Court cautions Ho that frivolous and vexatious litigation is unacceptable. It takes a toll on the Court's limited resources. As the Court stated in its previous order, assistance is available for *pro se* litigants to guide them in the general procedures regarding litigation in this Court.

The Federal Rules of Civil Procedure permit district courts to impose "appropriate sanctions," after notice and a reasonable opportunity to respond, where an attorney or party submits a pleading to the court that: (1) is not well-grounded in fact, i.e., has no reasonable factual basis; (2) is not legally tenable; or (3) is submitted in bad faith for an improper purpose. *See* Fed. R. Civ. P. 11(b). *See also Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002) (upholding injunction against further filing without leave of court based on repeated filings and

harassment of defendant); *Martin–Trigona v. Shaw,* 986 F.2d 1384, 1386–87 (11th Cir. 1993) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.").

Upon this Court's review of the Amended Complaint, all of its exhibits, and the federal regulations on which Ho relies, the Amended Complaint is due to be dismissed.

**Accordingly, it is hereby ORDERED as follows:**

1. Defendant's Motion to Dismiss and/or Motion for Judgment on the Pleadings (Doc. 12) is **GRANTED-IN-PART**.

2. The Amended Complaint (Doc. 11) is **DISMISSED**.

3. All pending motions are denied as moot, except the motion for sanctions at docket entry 23, which shall remain pending.

4. The Clerk of Court is directed to close this case.

**DONE AND ORDERED** in Tampa, Florida on May 24, 2019.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any